PENNSYLVANIA RUBBER COMPANY, a Corporation, Appellant, *v.*
W. E. HUTTON MILLER and STANDARD EQUIPMENT PRODUCTS,
INC., Respondents.

First Department, November 1, 1940.

*Raymond Gitlin* of counsel [*Benjamin Rosen*, attorney], for the appellant.

*Joseph W. Rosenberg* of counsel [*J. M. Goddard*, attorney], for the respondents.

CALLAHAN, J. Appeal by plaintiff from an order of Special Term denying its motion to strike out certain defenses as insufficient in law, and to strike out various allegations contained in said defenses as irrelevant and redundant.

Plaintiff sues on sixteen promissory notes executed by the defendants as comakers, and delivered to the plaintiff in connection with the execution of a contract for the manufacture and sale of certain tires by plaintiff for defendant corporation. There had been prior transactions between the parties relating to other sales. The individual defendant was a guarantor of performance by the corporate defendant under one of the former contracts.

The answer, in addition to denials, consists of two complete defenses and a partial defense pleaded on behalf of the corporate defendant, two separate defenses pleaded on behalf of the individual defendant, and two separate defenses pleaded on behalf of defendants jointly. All these defenses are attacked as insufficient in law. In addition, plaintiff moves to strike out certain paragraphs contained in some of the defenses.

The facts alleged in the various defenses may be summarized briefly as stating that the notes in suit were given under an agreement entered into on August 28, 1939, whereby defendants waived certain alleged breaches committed by plaintiff under prior contracts between the parties for the manufacture and sale of tires. The terms of the prior contracts and the details of the alleged breaches are set forth. It is evident, however, that it is the breach of the last contract of August 28, 1939, which is being relied on in the defenses. This is shown by allegations to the effect that the defendants agreed to waive prior breaches and entered into a " new " agreement under which the notes were delivered and under which tires were to be manufactured in the future. Having alleged the making of such new contract, it would be improper and prejudicial to permit defendants to litigate issues concerning alleged breaches of the earlier agreements, when (as defendants themselves assert) any such breaches were composed by the new contract.

The courts are reluctant to strike out parts of pleadings as irrelevant or redundant, and to the extent that it might be necessary to plead the terms of the old agreement in order to establish the terms of the final contract, allegations relating to earlier contracts might be permissible. However, assertions concerning the manner in which former contracts were breached and as to where the fault rested for such breaches would be clearly irrelevant. At most defendants might allege that such breaches were claimed to exist, in order to show the circumstances under which the new contract was entered into.

Aside, however, from the irrelevancy of the particular allegations referred to, we find that the defenses are insufficient as a whole. The gist of the first defense pleaded by the corporate defendant is that the contract of August 28, 1939, required the plaintiff to

manufacture tires exclusively for the defendant under certain designated brands; that the plaintiff was to guarantee the quality of the tires manufactured; that it would fix a price schedule for the tires; that it would check credits on sales made to corporate defendant's customers and would not unreasonably withhold credit on such sales; that it would carry the account of the corporate defendant and remit to it the proceeds on the contract to which it was entitled on the first days of each month; that it would maintain a stock of tires of a specified number and would promptly effect shipments of orders. The defense asserts that the notes in suit were given as part of the consideration for plaintiff's promises as above set forth, and alleges that plaintiff failed to perform these promises. In addition, it asserts that plaintiff misrepresented the quality of the merchandise manufactured for the corporate defendant's customers and interfered with the business of the corporate defendant, all to the damage of the corporate defendant.

The second separate defense repeats the facts above asserted and avers that the notes sued on were delivered by the defendants in consideration of the promises and warranties above recited; that it was agreed that the corporate defendant was to pay the aforesaid notes from the business accruing to it from the sale of tires manufactured for it by plaintiff; that the warranties made by the plaintiff were the consideration for the execution of the notes; and that the breach of same constituted a failure of consideration.

The third separate (partial) defense pleaded on behalf of the corporate defendant repeats the facts above outlined, and asserts breaches by plaintiff of various warranties concerning the quality of the tires sold and delivered to defendant.

Appellant asserts that these defenses are insufficient because the corporate defendant or its customers retained the goods sold, and, therefore, it may not assert breaches of warranty of quality as a defense, being confined by law to the assertion of a setoff or a counterclaim under the circumstances. (See Pers. Prop. Law, § 150.) That rule undoubtedly would be applicable if the action were one for the price of the goods. Such relief is not being sought by plaintiff in the present action. The suit is on notes given in connection with the adjustment of transactions had before any sales were made under the new agreement. As part of the adjustment, it is alleged, new promises were made by plaintiff. We see no reason why a breach of the new agreement by plaintiff might not constitute a defense of failure of the consideration given for the notes, assuming that the consideration for the notes was, as this defendant asserts, the performance of the new agreement.

In so far as the defendant attempts to plead conditional delivery of the notes and breach of warranty of quality, we agree with the appellant that the pleading is insufficient to support such defenses. A mere assertion that the notes were to be paid out of profits expected from business done under the new agreement would not constitute a conditional delivery. Nor would breach of warranty of quality, except in so far as it relates to failure of the consideration for the notes, constitute a defense. However, all of these defenses are defective in that they fail to allege due performance or readiness to perform the contract by the corporate defendant. They are, therefore, stricken out.

The infirmities pointed out as to the defenses asserted by the corporate defendant exist as well in the defenses pleaded by Miller individually. There may be additional reasons why Miller is in no position to assert a breach of warranty of quality as a defense. We need not discuss what these reasons may be. However, as he alleges that he signed the notes as comaker in return for plaintiff's promise to deliver goods to the corporate defendant, we see no reason why he may not plead a breach of such contract as a failure of consideration.

Considering the so-called joint defenses, we find that the first of them attempts to set forth that the notes in suit were procured by fraud. The misrepresentations alleged, however, relate solely to promises or warranties claimed to have been made by the plaintiff in connection with the performance of its contract to manufacture and sell tires. Such allegations are insufficient to support a claim of fraud. They relate solely to future acts of a promissory nature, and are not representations of any existing fact. Standing alone they are insufficient to support a claim of fraud. The first joint defense should have been stricken out.

The so-called second joint defense pleads the bringing of a prior action by the defendants against the plaintiff, in which the defendants claim damages by reason of the breaches of the agreement of manufacture and sale above referred to. As the parties concede that both actions have been consolidated, this defense is unnecessary, and should have been stricken out.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to defendants to serve a further amended answer within ten days after service of order on payment of said costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the defendants to serve a further amended answer within ten days after service of order on payment of said costs.