STANDARD EQUIPMENT PRODUCTS, INC., and W. E. HUTTON MILLER, Respondents, *v.* PENNSYLVANIA RUBBER CO., INC., Appellant.

First Department, November 1, 1940.

*Raymond Gitlin* of counsel [*Benjamin Rosen*, attorney], for the appellant.

*Joseph W. Rosenberg* of counsel [*J. M. Goddard*, attorney], for the respondents.

CALLAHAN, J. Defendant appeals from an order of Special Term which grants in part a motion made by defendant to strike out various matters from plaintiffs' complaint and to dismiss various causes of action. The complaint contains four causes of action asserted by the corporate plaintiff, and three causes of action asserted on behalf of the individual plaintiff. Defendant moved at Special Term to strike out paragraphs " 3rd " to " 8th," inclusive, of the first cause of action as pleaded therein, and as incorporated by reference in the second, third, and fourth causes of action. It also moved to strike out specified paragraphs of the three causes of action pleaded by the individual plaintiff. It further moved to dismiss the second, third and fourth causes of action asserted on behalf of the corporate plaintiff, and all three causes of action asserted on behalf of the individual plaintiff.

The order appealed from granted the motion to the extent of dismissing the corporate plaintiff's second, third and fourth causes of action, and the individual plaintiff's three causes of action, with leave to both plaintiffs to plead anew. This relief was based

upon the failure of the plaintiffs to plead due performance on their behalf.

Defendant appeals from the order of Special Term, asserting that the court erroneously denied defendant's motion to strike out the specified paragraphs alluded to, and further erred in granting the individual plaintiff leave to plead anew.

It appears from the complaint that the corporate plaintiff is suing for breach of a contract dated August 28, 1939, which it asserts was a new agreement between the parties superseding some prior agreements. There are allegations in the complaint relating to alleged defaults on the part of the defendant under prior contracts, and demands of the plaintiffs with respect to such defaults. It is plain from the complaint, however, that all disputes concerning the earlier transactions were composed by the making of the last contract. To permit allegations concerning the existence of actual defaults under the prior agreements to remain in the pleading might necessitate the litigation of lengthy issues which are no longer material. At most the pleading might contain a statement that there was a claim asserted by plaintiffs with respect to the existence of such defaults. This might be relevant to show the actual consideration for the new contract.

While we think that paragraphs " 3rd " to " 6th " are not objectionable under the rules applicable to motions to strike out, we think that paragraphs " 7th " and " 8th," as pleaded, were not only irrelevant but prejudicial. These paragraphs should be stricken out where originally pleaded and where incorporated by reference, with leave to the plaintiffs to plead anew.

We have considered the appellant's claim of reversible error in permitting the individual plaintiff to serve a new pleading. While we deem that much of the matter asserted by said plaintiff is irrelevant and redundant, we do not think it was improper to permit him to serve a new complaint. The complaint alleges that the individual plaintiff was a guarantor of performance by the corporate plaintiff under one of the earlier contracts. It is true that it asserts no right on the part of the individual plaintiff to share in the profits made by the corporate plaintiff under the new or superseding agreements, nor does it allege that any of the warranties as to the quality of the goods to be delivered under the new agreement were made to the individual plaintiff. However, it is alleged that the defendant, under the new agreement, promised the individual plaintiff to deliver goods to the corporate plaintiff under the circumstances described in the pleading. In the pleadings in a companion appeal decided herewith (*Pennsylvania Rubber Co.* v. *Miller*, 260 App. Div. 485) it is alleged that the individual

plaintiff signed the notes, and agreed to waive certain claims which he had in consideration of the promise made to the corporate plaintiff. Such allegations might show privity of contract between the individual plaintiff and the defendant, and a breach of such a contract would be actionable.

We need not determine at this time what measure of damage would be properly applicable to the individual plaintiff's claim, nor whether he suffered more than nominal damages by reason of the breach. We deem it was proper to permit him to reassert his claim in a new pleading.

The order, so far as appealed from, should be modified by striking out paragraphs "7th" and "8th" of the complaint, and as so modified affirmed, without costs, with leave to the individual plaintiff to serve an amended complaint within ten days after service of a copy of the order to be entered herein.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order, so far as appealed from, unanimously modified by striking out paragraphs "7th" and "8th" of the complaint, and as so modified affirmed, without costs, with leave to the individual plaintiff to serve an amended complaint within ten days after service of order.